OPINION
On September 1, 1999, Sergeant John Davis of the Guernsey County Sheriff's Department filed a complaint against appellant, Phillip Meighen, alleging falsification and causing false report of child abuse. The alleged false statements were made on August 4, 1999 when appellant was seventeen years old. Appellant turned eighteen on August 11, 1999. On February 1, 2000, appellant admitted the charges. By journal entry filed February 2, 2000, the trial court found appellant to be a delinquent child and ordered appellant to serve a total of ninety days in the Guernsey County Justice Center, an adult facility. Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I THE TRIAL COURT LACKED JURISDICTION TO SENTENCE APPELLANT TO AN ADULT JAIL BY WAY OF DISPOSITION FOR DELINQUENT ACTS COMMITTED PRIOR TO THE APPELLANT'S HAVING REACHED THE AGE OF EIGHTEEN YEARS AND WHICH WOULD HAVE BEEN MISDEMEANORS IF COMMITTED BY AN ADULT.
 I
Appellant claims the trial court erred in sending him to an adult facility. We agree. Appellant committed the offenses on August 4, 1999 when he was seventeen years old. Although appellant turned eighteen shortly thereafter, it is undisputed appellant was a "child" as defined in R.C. 2151.011(B)(6)(a) and (b) and subject to the jurisdiction of the Juvenile Court. The issue herein is whether the trial court was permitted to send appellant to an adult facility given the language of R.C. 2151.355(A)(22):
 (A) If a child is adjudicated a delinquent child, the court may make any of the following orders of disposition:
 (22) Make any further disposition that the court finds proper, except that the child shall not be placed in any state correctional institution, county, multicounty, or municipal jail or workhouse, or other place in which an adult convicted of a crime, under arrest, or charged with a crime is held. We find the language of this statute to be very clear. While we sympathize with the trial court's dilemma that there is no facility available in Guernsey County which could house appellant, a juvenile at the time of the offense and an adult at the time of disposition, we nevertheless find the trial court erred in sending appellant to the Guernsey County Justice Center. We reverse the disposition and remand the case to the trial court for alternative disposition in compliance with R.C. 2151.355(A). The sole assignment of error is granted.
The judgment of the Court of Common Pleas of Guernsey County, Ohio, Juvenile Division is hereby reversed and remanded.
 _________________________ READER, V.J.